O'QUINN v. GRACE et al.*

(Division B. Sept. 27, 1926.)

[109 So. 672. No. 25699.]

LOGS AND LOGGING. *Lien on lumber of operator of sawmill of employees for wages is superior to that of one who sold the logs and let the mill to operator (Hemingway's Code, section 2415).*
Lien on lumber of operator of sawmill, by Hemingway's Code, section 2415, given his employees for wages, to have preference to all of log owner's other debts, is superior to any lien for price of logs and rent of mill of one who sold the logs and let the mill to operator, and this though employees knew operator was to pay for timber as he cut it.

*Corpus Juris-Cyc. References: Logs and Logging, 38CJ, p. 228, n. 57.

APPEAL from chancery court of Pike county.

HON. R. W. CUTRER, Chancellor.

Suit against J. L. Grace for enforcement of lien for wages of laborers in sawmill. From a decree giving their claims preference to that of J. M. O'Quinn for price of logs and rent of mill, he appeals. Affirmed.

*L. H. McGehee,* for appellant.

It was the purpose of appellant and appellee to reserve for appellant nine dollars per thousand feet on the entire production of the mill. Everything connected with the mill belonged to appellant, the timber, the mill with all its equipment, the teams for logging purposes and everything.

Appellees herein had full knowledge of the agreements here recorded but notwithstanding this notice they continued to work and pile up this indebtedness which they are now seeking to recover. Appellant contends that he has a paramount, equitable lien for his money upon all the lumber produced by this mill to the extent of nine dollars per thousand feet, this contention being upon the rule laid down in 17 R. C. L., p. 604, sec. 13.

If the court should not adhere to this rule, then we refer the court to section 25, of the same volume, at p. 1098, and 1095, section 25, and section 26, which gives the owner of timber and lumber a lien upon the timber for the purchase price.

If the court should hold in construing this contract that it was not a sale to appellee by appellant, then we say that we have a landlord's lien upon said lumber cut and that appellant was landlord over all of it. It would indeed be a harsh rule to permit these men to take this money to the exclusion of the appellant and leave him nothing for his timber, the use and rental of his mill, teams, etc., and especially after they had notice that Mr. O'Quinn would not pay the bills and after they continued to work to pile up these bills against this proposition.

This court should establish a precedent for the protection of lessors of mills of this nature.

*Price, Price & Cassidy,* and *J. M. Alford,* for appellees.

This record shows without question that O'Quinn was the owner of the timber and the mill and that it was agreed between O'Quinn and Grace that Grace was to have the use of the mill and teams, and was to cut this timber and pay all the expenses of operating the business and pay O'Quinn nine dollars per thousand for the timber, and that Grace had entire charge of all the business and O'Quinn had nothing to do with it, and that the amounts of the claims of complainants are correct and unpaid and owing to them by Grace as laborers or employees in operating the sawmill or in cutting and shipping the timber.

So we have Mr. Grace running the sawmill, buying the timber from O'Quinn, employing the complainants and not paying any of them in full, and both O'Quinn and the employees claiming prior liens on the timber cut and at the mill when the receiver took charge. The rights of the parties are governed by sections 2415-2417, Hemingway's Code. See, also, *Cooley* v. *Tullos,* 76 So. 263; *Broadus* v. *Calhoun,* 103 So. 808; *Hinton & Walker* v. *Pearson,* 107 So. 275; *Weeks* v. *Seale,* 108 So. 505.

The rule quoted by counsel for appellant from Ruling Case Law has no application where, as in the instant case, there is a statute governing the subject-matter and we find no Mississippi cases quoted in support of that authority.

*L. H. McGehee,* in reply, for appellant.

If Grace owned this mill, the timber and the teams and operated the mill, then, of course, the sections appellees mentioned would apply, but appellant here, who

had nothing to do with the operation of the mill, and who owned it all, stands in an entirely different position than that contemplated in these statutes.

Under the facts, the law of landlord and tenant applies, and the contract is simply a lease, with all these appellees having knowledge of this lease and of the prior lien claimed by appellant here. I fail to find in Mississippi a single case directly in point.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, O'Quinn, was the owner of a body of standing timber and a small sawmill located near his home in Pike county. He sold the timber to one J. L. Grace, and entered into an agreement with Grace that Grace would use the mill in cutting the timber, pay all expenses of its operation, and pay O'Quinn nine dollars per thousand for the timber and for the use of the mill in cutting it.

Grace took charge of the mill and operated it for a while, cutting and marketing the timber, and promised to pay O'Quinn nine dollars per thousand for it as he cut it. Grace employed the appellees herein as laborers in the operation of the mill. He failed to pay O'Quinn for the timber, and failed to pay the laborers for their labor at the mill in cutting the timber and Grace finally abandoned the mill.

The appellees brought suit to recover their wages for labor in the operation of the mill, but subsequently all of the appellees herein filed this suit in the chancery court, seeking to enforce their lien against about sixty thousand feet of lumber that was left at the mill when Grace abandoned it. A receiver was appointed to take charge of the property, and on the hearing in the chancery court the different claims were propounded by the parties, and Mr. O'Quinn appeared and propounded his claim for several hundred dollars for the purchase price of the timber and rent of the mill due him by Grace.

The property was sold, and the right to the proceeds as between the appellees, as laborers in the operation of the mill, and Mr. O'Quinn, who claims a lien on the lumber for the purchase price and the use of his mill, was the question involved. The proceeds of the sale of the lumber was not sufficient to pay both Mr. O'Quinn and the appellees, laborers, and the court decreed that the proceeds should be distributed *pro rata* between the laborers, and excluded Mr. O'Quinn from any recovery. The appeal is from that decree.

The question for our decision is whether or not under the facts of the case, the claim of the laborers' lien on the lumber for their wages was superior to the claim of Mr. O'Quinn for the amount due him for the timber and the use of the mill and his teams. The appellees, laborers, sought to enforce their lien against the lumber under sections 2415 to 2417, inclusive, of Hemingway's Code. Said section 2415 provides, in part, as follows:

"Every employee or laborer of a person, partnership, or a corporation engaged in operating a sawmill, planing mill, or in cutting and shipping (or rafting) timber, shall have a lien on all such lumber and timber of his employer, for his wages due by such employer, in preference to all other debts due and owing from the owner thereof."

The mere reading of the statute seems to be sufficient to settle the question involved without further discussion. The lien of the laborers for wages for services rendered in operating the mill and sawing the timber was undoubtedly a superior lien to that of Mr. O'Quinn, if indeed Mr. O'Quinn, under the facts of this case, had any lien at all upon the lumber which he had sold to Grace in the form of standing timber. But conceding, for the purpose of discussion only, that Mr. O'Quinn had a purchase-money lien upon the lumber, yet this lien must yield to the lien of the employees which the statute provides shall be "in preference to all other debts due and owing from the owner thereof."

Mr. O'Quinn had sold the timber to Grace, and Grace was to pay Mr. O'Quinn nine dollars per thousand for it as he cut it. Grace had charge of and operated the mill as his own; therefore he was the owner of the lumber within the meaning of the statute, and the lien of the employees was paramount to any other debt or claim due and owing from Grace to Mr. O'Quinn.

Counsel for appellant in his brief does not appear to seriously take issue with this construction of the statute; but he contends that Mr. O'Quinn has, or ought to have, a landlord's lien against the lumber, or that an equitable lien in his favor ought to be enforced against the lumber for the debt due him by Grace, because, as he says, the rights of sawmill owners should have legal protection in such case. But we are unable to see how such a lien, if one existed, could prevail against the statutory preference lien of a laborer engaged in operating a sawmill.

Counsel for appellant urges that the lien of the laborers herein should yield to the lien of Mr. O'Quinn for the purchase price of his timber because the laborers knew that Grace was to pay Mr. O'Quinn nine dollars per thousand for the timber when it was cut, and that therefore they had notice of Mr. O'Quinn's claim against the lumber and should be estopped, by waiver or otherwise, from asserting their lien as against the lien of Mr. O'Quinn. We cannot bring ourselves in accord with the view that the contention of counsel is maintainable. The notice to the laborers that O'Quinn had a claim for the purchase price of his timber could not affect the lien of the laborers for their wages. However, Mr. O'Quinn, who lived near by, also had notice that the laborers were performing the service in cutting the timber and operating the sawmill, and he knew that their wages would inevitably become due and must be paid. Therefore, so far as notice is concerned, which we think is immaterial

in the case, all parties had notice of their respective claims against Grace, the operator of the sawmill.

In view of these conclusions, the decree of the lower court is affirmed.

*Affirmed.*